In the Matter of the Guardianship of
SO'ONALOLE TOGAMAU, An Incompetent Person

DEVELOPMENT BANK OF AMERICAN SAMOA,
Guardian of the Estate

High Court of American Samoa
Trial Division

PR No. 1-81

March 5, 1990

Before REES, Associate Justice.

---

Counsel: For Guardian Development Bank, Steve H. Watson
For Custodian, Finau Togamau, Gata E. Gurr

On Motion to Approve Annual Accounting and for Payment of Fees:

So'onalole Togamau is an adult who suffered mild brain damage in an automobile accident in 1978. The partial proceeds of an insurance settlement in the amount of $6,487 were placed in a trust account for the benefit of So'onalole. The Court ordered that $50 per month be distributed to So'onalole's father, Finau Togamau, for the support of So'onalole. Finau Togamau has withdrawn this money in a lump sum of $600 each year since 1981, and has also requested and received certain other sums over the years.

Unfortunately, the amounts disbursed have been substantially greater than the interest accruing on the insurance proceeds. The guardianship account currently contains only $1,733. If disbursals should continue at the rate of $600 per year, So'onalole will run out of money in about three years. Not only would his father then stop receiving regular sums for his support, but So'onalole would also be without resources to deal with any future emergencies related to his medical condition. Since So'onalole is currently in his thirties and can expect to live for many years, such early exhaustion of the trust fund would defeat the purpose of the guardianship.

A recent medical examination reveals that So'onalole appears to be in good physical and mental health except that he has double vision in one eye ("but is able to play billiards with this disability") and that he "is still slow in adding and subtracting numbers [and] takes time to recollect events." From this report it would appear that he is capable of living and working as an active and useful member of a Samoan family. Indeed, the Court has made inquiries through counsel and has learned that So'onalole does in fact work on his family's plantation in Western Samoa.

These facts strongly suggest that of the two possible uses to which the remaining funds in the estate can be put --- either to supplement the family income for three more years, or to be preserved and to accumulate interest against the possibility of a future relapse or other medical emergency --- the latter is wiser by far. Indeed, it is not at all clear that the prior annual disbursements to Finau Togamau were

justified once Soʻonalole recovered sufficiently to become a full contributing member of the family.

The request for an additional $600 disbursement is therefore denied.